# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.: _____

Christopher Waller,

    Plaintiff,

v.

Capital One,

    Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Christopher Waller, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Christopher Waller ("Plaintiff"), is an adult individual residing in Denver, Colorado, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Capital One ("Capital"), is a Virginia business entity with an address of 1680 Capital One Drive, Mclean, Virginia 22102, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In 2017, Capital One began calling Plaintiff's cellular telephone, number 972-xxx-6345, using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Capital One, he heard an automated voice and had to wait on the line before he was connected to the next available representative.

7. In or around November 2017, Plaintiff spoke with a live representative and requested that all calls to him cease.

8. Plaintiff reiterated this request on or about February 8, 2018.

9. Nevertheless, Capital One continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13.   Defendant's telephone system(s) have some earmarks of a predictive dialer.

14.   When Plaintiff answered calls from Defendant, he heard silence or a prerecorded message before Defendant's telephone system would connect him to the next available representative.

15.   Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.   Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.   The telephone number called by Defendant was and is assigned to a cellular telephone serviced by T-Mobile for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18.   Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19.   The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.   Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 4, 2018

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Christopher Waller
6825 E Iliff Avenue, Apt 103
Denver, CO 80224